## GLENN ET AL. v. FIELD PACKING CO.

No. 541. Argued November 15, 1933.—Decided December 4, 1933.

*Mr. S. H. Brown,* Assistant Attorney General of Kentucky, with whom *Mr. Bailey P. Wootton,* Attorney General, and *Mr. Francis M. Burke,* Assistant Attorney General, were on the brief, for appellants.

· *Mr. William Marshall Bullitt,* with whom *Messrs. Leo T. Wolford* and *Wm. B. Lockhart* were on the brief, for appellee.

PER CURIAM.

This suit was brought by respondent, Field Packing Company, against the State Tax Commission of Kentucky and its members to restrain the enforcement of that part of chapter 158 of the Acts of the 1932 Session of the General Assembly of Kentucky which imposed a tax of 10 cents per pound on all oleomargarine sold within the State. The statute was assailed as being in violation of the Bill of Rights of the Constitution of the State and of the due process clause of the Fourteenth Amendment of the Constitution of the United States. The District Court, composed of three judges (28 U.S.C. 380), granted an interlocutory injunction and on final hearing entered a decree making the injunction permanent.

The District Court held that the statute, although in the form of a taxing law, was in reality a prohibition of the sale of oleomargarine in Kentucky and hence was invalid under the state constitution. The question presented under the Federal Constitution was not decided. *Siler* v. *Louisville & N. R. Co.,* 213 U.S. 175, 191; *Hurn* v. *Oursler,* 289 U.S. 238, 243, 244.

Upon the facts found, the decision appears to be supported by principles laid down by the Court of Appeals of Kentucky, but, so far as the application of the state constitution is concerned, the ultimate determination of the validity of the statute necessarily rests with that court. Further, a change in circumstances may create a

situation different from that to which the opinion below was addressed.

In order to prevent the possibility that the decree may operate injuriously in the future, the decree will be modified by providing that the members of the State Tax Commission, or that Commission, may apply at any time to the court below, by bill or otherwise, as they may be advised, for a further order or decree, in case it shall appear that the statute has been sustained by the state court as valid under the state constitution, or that by reason of a change in circumstances the statute may be regarded as imposing a valid tax. See *Minnesota Rate Cases,* 230 U.S. 352, at p. 473.

*Decree modified as stated in the opinion and, as modified, affirmed.*