## Southern Linen Supply Co. et al. v. City of Hazard et al.

May 20, 1941.

Willis W. Reeves and E. B. Wilson for appellant.

W. E. Faulkner for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

At the instance of the owners and management of the two laundries (one of which also conducts a dry cleaning business) at Hazard, the council of that city amended its ordinance establishing licenses for different occupations by adding the item, ''Agents—soliciting laundry and linen supply service, plant located elsewhere, $400.00.'' A section providing for the payment of proportionate sums if any business should be operated for less than a full license year was also amended by adding: ''Provided, however, that any license tax herein provided for any out of town business or agency or agent shall not be proportioned.'' The original ordinance provides licenses ranging from $25 to $50 for soliciting agents of various kinds of business. It requires a license of $75 for ''Agents—soliciting laundry and dry cleaning—plant located elsewhere.'' For local laundries the license is $50.

The appellant, Southern Linen Supply Company, whose plant is located in Knoxville, Tennessee, is engaged in the business of supplying linens on a rental basis to public places, such as hotels, hospitals and barber shops. Agents call upon its customers weekly or semi-weekly to deliver clean linens and to collect the soiled linens which are laundered in Knoxville. The company operates trucks over several routes in Kentucky and Tennessee, one of which includes the city of

Hazard. Its agent was arrested for violating the amended ordinance, the company not having paid the $400 license. This suit challenges the validity of the amendment establishing the $400 license for conducting the business in which it is engaged. Considering the evidence submitted on the issue, the circuit court adjudged the ordinance not to be arbitrary, discriminatory or confiscatory, nor to be an unreasonable classification; hence that it was valid. The appeal follows.

A similar ordinance of Corbin providing a license of $200 was held void at the instance of this appellant because the fee amounted to more than the profit of the business derived from its operation in that city and because it was shown that the license was levied in order to prohibit the business. Southern Lines Linen Supply Company v. City of Corbin, 272 Ky. 787, 115 S. W. (2d) 321.

The appellee maintains that the evidence in the case at bar does not justify the same conclusion. That produced by the plaintiff is that during eight months when it solicited and received business in Hazard it had acquired about twenty customers and gross receipts of about $45 a month. The expenses amounted to $72.40 a month. The company was continuing the services at a loss because of the prospect of building up a sufficient volume of business to yield a profit, it being estimated that there was a potential business of $100 'a month which would justify a continuance of the service provided the annual license of $400 should not have to be paid. The company had paid a proportionate license based upon $50 a year. Licenses paid to other cities by it ranged from $10 to $50, the latter being the license at Corbin and Harlan. The manager of the two local laundries (the management and controlling ownership of which, as well as of another dry cleaning business, being the same persons) stated that each laundry paid a license of $75 for dry cleaning and pressing shop, and $50 for operating a laundry. They had added a linen supply service about the first of December, 1938. The amendment to the ordinance involved was enacted December 27, 1938. It appears that the local companies are not chargeable with any other license for this added business. The witness testified that if his companies should not have to pay any other license they could pay $400 and make a profit.

Waiving the thought of a self-serving declaration, the testimony is merely that the business of conducting a laundry and dry cleaning shop and a linen supply business as a unit could afford to pay $400 a year. We are concerned here with only a minor branch of such combined business. It was upon this conditional testimony that the trial court found there was a potential business in the city that would justify the license fee. It is doubtful that a mere possibility of doing business to a justifiable extent is the proper criterion. The question is whether the business actually being done and reasonably to be expected is so little and the profit so small that the license fee attempted to be placed upon it is not justifiable in law. The courts will and should interfere with the discretion of the legislative authority of a city when a license is so grossly excessive as to be grossly unreasonable and disproportionate to the business being done and that which experience reasonably shows can be done. The business in which the appellant is engaged is, of course, not of the character that may be licensed to the point of prohibition or confiscation or the suppression of profits. The exercise of the power of the courts to interfere with the action of a city in this connection is to conserve the constitutional protection of every citizen from the exercise of arbitrary power over his life, liberty and propery and his right of acquiring and protecting property, which necessarily carries with it the right to earn a livelihood by following any occupation, the pursuit of which is not injurious to the public weal. Sections 1 and 2, Constitution of Kentucky; Fiscal Court of Owen County v. F. & A. Cox Company, 132 Ky. 738, 117 S. W. 296, 21 L. R. A., N. S., 83; Martin v. Nocero Ice Cream Company, 269 Ky. 151, 106 S. W. (2d) 64; Great A. & P. Tea Company v. Kentucky Tax Commission, 278 Ky. 367, 128 S. W. (2d) 581; Field Packing Company v. Glenn, D. C., 5 F. Supp. 4, modified, Glenn v. Field Packing Company, 290 U. S. 177, 54 S. Ct. 138, 78 L. Ed. 252.

This case cannot be distinguished from the Southern Lines Linen Supply Company v. City of Corbin, supra, and is ruled by that decision. We are of opinion the amended ordinance establishing the license is invalid and unenforceable.

Judgment reversed.