**PIERCE v. HILDEBRAND et al.**

Civ. A. No. 1–173.

United States District Court,
S. D. Iowa, Central Division.

March 26, 1952.

Edward L. O'Connor, Iowa City, Iowa, for plaintiff.

Robert A. Rockhill, Marshalltown, Iowa, for the executor and trustees.

Hamilton, Cahill & Bartley, Iowa City, Iowa, and Stilwill, Brackney, Stilwill & Wilson, of Sioux City, Iowa, for the remaining defendants.

RILEY, District Judge.

The jurisdiction of this court to entertain this suit has been questioned by a motion to dismiss and by answer of the same defendants. If the answer be deemed an implied waiver of a ruling on the motion to dismiss, then for the reasons indicated in the pre-trial conference the court makes this as its own determination of its jurisdiction.

The court has given long and serious consideration to the questions raised in the voluminous pleadings and in able and comprehensive briefs of counsel who have displayed resourcefulness and commendable industry. The pleadings consist of extended amendments, answers to the original and amended complaint, replies, cross-claims, interpleader, counterclaim for interpleader and motions separately presented by these several groups of defendants whose interests are similar. From that record and the benefit of pre-trial proceedings and conference the conclusions announced below have been reached.

The complaint as originally filed claimed this forum by reason of the alleged requisite diversity of citizenship and amount in controversy. Two later amendments question the constitutional sufficiency of notice to the plaintiff in proceedings in the District Court of Marshall County, Iowa, involving the will of the late Frank G. Pierce and the trust created by it.

The original complaint of plaintiff, a citizen of California, claims he is the owner of a 1/6th interest in the estate, that a trust created by the will is void, that the executor and trustees appointed by the State court be required to account here, that title to all real and personal property held by them be quieted in plaintiff and defendants named and that it then be sold by a referee

to be appointed in this proceeding, and the proceeds divided among plaintiff and other defendants found to be entitled to share.

Briefly the facts are: Frank G. Pierce, a resident of Marshall County, Iowa, died testate on January 23, 1947, without issue surviving. His will, filed for probate there, after notice duly published as prescribed by the law of Iowa, was admitted to probate and defendant, Fidelity Savings Bank of Marshalltown, Ia., named in the will, was appointed executor. The will provided for the establishment of a charitable trust, for educational purposes, of the residue and remainder of the estate after termination of the life estate of his surviving spouse, Nellie L. Pierce. She died on Dec. 2, 1950. There remains for distribution to the trust approximately $75,000 in real property and $85,000 in personal property.

The probate court authorized an equity action to test the validity of the will as being in violation of the Rule against Perpetuities. Collateral heirs, defendants here, were served personally with notice of the equity suit in the State court. Daniel M. Pierce, complainant here, as a collateral heir, was served by publication. The State court appointed counsel to represent him and five other collateral heirs named as defendants in the present action. The remaining six collateral heirs, defendants here, appeared in the State court suit and submitted to its jurisdiction.

The will was construed by the State court as validly creating a charitable trust, on July 21, 1948, and it was decreed that the collateral heirs mentioned had no right, title or interest in the Pierce estate. Daniel M. Pierce then brought this present suit as plaintiff, alleging ownership of the 1/6th interest, that he is a citizen of California, that the other collateral heirs, the executor corporation and the named trustees were of diverse citizenship to him, that over $3,000 was involved and therefore jurisdiction existed to have the will of Frank G. Pierce here declared invalid and to decree that the property of the said estate descended and should be delivered to him and to the mentioned heirs.

In his original prayer plaintiff seeks a decree of ownership and the quieting of

title as to himself and eight defendants all citizens of Iowa, the accounting and sale as above. The eight Iowa resident defendants answered jointly, admitting all that plaintiff asks and declares and then "pray that the interests of the plaintiff and these defendants be decreed and settled as alleged in the plaintiff's complaint." Three other defendants are citizens of South Dakota. The executor and five trustees are all citizens of Iowa; they filed a motion to dismiss asserting a lack of jurisdiction among other things.

■ I. If jurisdiction is claimed by reason of diversity of citizenship and the amount in controversy, it must be denied. The identity of interest of the plaintiff and the eight defendants mentioned compels us to look both at and beyond the pleadings to arrange the parties according to their sides in this dispute. So arranged, the controversy becomes one in which citizens of Iowa are arrayed against other citizens of Iowa. It is manifest from the complaint, its prayer, the answer mentioned and its prayer and from the realities of the controversy that on the ground initially declared we lack jurisdiction. City of Indianapolis v. Chase National Bank, 314 U.S. 63, see especially pages 69, 74, 76, 77, 62 S.Ct. 15, 86 L.Ed. 47.

II. Another persuasive if not, by itself, controlling factor against our retention of jurisdiction is found in our complete lack of authority to award to plaintiff the relief he seeks. Plaintiff asks us to construe the will as giving to him 1/6th of the estate and "that one-sixth (1/6) of all the net property now held by the said Executor and said Trustees be decreed to be the absolute property of the Plaintiff and that said Executor and said Trustees be required to fully account to this plaintiff for his undivided 1/6 interest in and to all of said property now held by said defendants and that the Court order that all of the real estate in this said Estate be sold and a Referee or other proper officer of this court be appointed to conduct such a sale and that 1/6 of the net proceeds derived from said sale be paid to this plaintiff as his just share."

■ It is recognized that this court has power in a controversy between citizens of different states, to adjudicate and enforce the claims of citizens of other states as heirs, legatees and creditors in respect of estates being administered in the duly established probate courts of the several states. But there is a limit to that power well described by Judge Sanborn in Harrison v. Moncravie, 8 Cir., 264 F. 776, 779: "This jurisdiction of the federal courts, it is true, does not include the power to draw to them administration of estates as such, or to take from the proper officials of the probate court, during their administration of the estates in due course, the possession of the property necessary for that administration."

This principle is likewise stated in the later case of Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256.

III. After the filing of the motion to dismiss, plaintiff proceeded to mend his hold by an amendment to his complaint challenging the constitutional adequacy of notice to him in proceedings, both in probate and in equity, in the District Court of Marshall County, Ia., relating to the probate and the construction of the Pierce will, to the testamentary trust created by it, and to the interests of plaintiff and other parties now before this court. That and a later amendment challenge the jurisdiction of the state court to proceed against plaintiff by published notice as to the probate of the will, the handling of the estate, the construction of the will, the proceedings in equity or otherwise and declare the proceedings separately and entirely, to deprive the plaintiff of his property without due process in violation of the 14th Amendment to the Constitution of the United States. Section 633.20 of the Code of Iowa 1946, I.C.A., is claimed to violate Section 9 of Article I of the Constitution of Iowa, I.C.A., and the Due Process Clause of the 14th Amendment. Rule 60 of the Iowa Rules of Civil Procedure, 58 I.C.A., is likewise attacked as attempting to authorize notices which are inadequate to afford due process to and for plaintiff. The validity of all orders and decrees of the State court sitting in probate and in equity are denied.

For these reasons, plaintiff claims the right to be here because this is a civil ac-

tion which arises under the Constitution and laws of the United States, Sec. 1331, Title 28 U.S.Code, and diversity is not a prerequisite. In his approach to and his claim of a federal question he declares Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, to be decisive of the matter. Impliedly that would leave to this court only the mechanics of executing the prayer of plaintiff's petition.

■ The question is not so simple. "The fundamental requisite of due process of law is the opportunity to be heard", Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363. The Mullane case, supra, 339 U.S. at page 315, 70 S.Ct. at page 657, recognizes that the constitutional validity of a method of notice chosen "may be defended on the ground that it is in itself reasonably certain to inform those affected". That statement finds support in the more recent case of Standard Oil Co. v. New Jersey, 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078. Much could be said here, and we anticipate that in time much will be said, to delimit the scope of the cited Mullane case.

Whether or not it is decisive or applies to plaintiff's attack on the statutes and rules here involved, there is a barrier to our acceptance of jurisdiction that in itself is conclusive.

■ The validity of the Iowa statutes and Rules of Civil Procedure under attack have never been considered by the Supreme Court of Iowa, so far as we can find. In Railroad Commission v. Pullman Company, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, the Supreme Court of the United States declared and emphasized a policy for federal courts to withhold determination of the issues in a suit properly before them either on diversity or upon an adequate federal question pending a definitive construction of the statutes involved in the highest State court. That policy was declared in an action in which the writer said the complaint "undoubtedly tendered a substantial constitutional issue. It is more than substantial." 312 U.S. 498, 61 S.Ct. 644. In the present case the constitutional issue was

tendered as an afterthought—by amendment. The writer then continued: "It touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open. Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy. It is therefore our duty to turn to a consideration of questions under Texas law. * * * But no matter how seasoned the judgment of the district court may be, it cannot escape being a forecast rather than a determination. The last word on the meaning of Article 6445 of the Texas Civil Statutes, and therefore the last word on the statutory authority of the Railroad Commission in this case, belongs neither to us nor to the district court but to the supreme court of Texas. In this situation a federal court of equity is asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication. Glenn v. Field Packing Co., 290 U.S. 177, 54 S.Ct. 138, 78 L.Ed. 252; Lee v. Bickell, 292 U.S. 415, 54 S. Ct. 727, 78 L.Ed. 1337. The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court. The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication." 312 U.S. 499, 500, 61 S.Ct. 644.

The policy declared in the Pullman case was reemphasized in Alabama Public Service Commission v. Southern Ry. Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002. Our Court of Appeals had recognized the same policy in Green v. Phillips Petroleum Co., 8 Cir., 119 F.2d 466. We therefore follow because of our belief that "Regard for these important considerations of policy in the administration of federal equity jurisdiction is decisive here." 312 U.S. 501, 61 S. Ct. 645.

■ IV. If the constitutional question had not been injected into this case, jurisdiction would nevertheless be denied. This case represents an appeal to the chancellor. He is asked to determine the validity of a testamentary trust, to withdraw corpus,

trustees and cestuis que trustent from the jurisdiction of the state court (vested with power to administer), to destroy the trust, and distribute the property in its converted form to persons whom the testator voluntarily excluded from participation when he created the trust.

For the reasons discussed in division II above, we would decline to entertain the action. A federal chancellor has some discretion. There is no higher claim upon that discretion than "needless friction with state policies". 312 U.S. 500, 61 S.Ct. 645. Fortunately, our action does not leave plaintiff remediless, but if that was its effect, our decision would have to be the same. The suit must be dismissed.