REVENUE CABINET, COMMON-
WEALTH of KENTUCKY,
Appellant/Cross–Appellee,

v.

Byrd SAYLOR, Jr., Individually d/b/a
Numismatic Exchange, Inc.; and Nu-
mismatic Exchange, Inc., Appel-
lees/Cross–Appellants.

Nos. 86–CA–2347–MR, 86–CA–2410–MR.

Court of Appeals of Kentucky.

Oct. 23, 1987.

John C. Tobin and Douglas M. Dowell,
Legal Services Section, Revenue Cabinet,
Frankfort, for appellant/cross-appellee.

Joseph J. Golden, Louisville, for appel-
lees/cross-appellants.

Before CLAYTON, GUDGEL and
REYNOLDS, JJ.

GUDGEL, Judge:

The parties appeal and cross-appeal from
a judgment entered by the Jefferson Cir-
cuit Court. The court affirmed a determi-
nation of the Kentucky Board of Tax Ap-
peals respecting an assessment for unpaid
sales taxes. The court also adjudged, how-
ever, that appellee's corporation, and not
appellee, is liable for the taxes which are
owed.

Appellant, the Kentucky Revenue Cabi-
net (cabinet), contends on direct appeal that
the court erred by adjudging that appellee
Byrd Saylor, Jr., is not personally liable for
the taxes owed. On cross-appeal, Saylor
and his corporation, Numismatic Exchange,
Inc., contend that the court erred (1) by
finding that their sales of South African
Krugerrands and Canadian maple leaf sil-
ver coins (bullion coins) were sales of tangi-
ble personal property, with the result that
a sales tax should have been collected on
those transactions, and (2) by failing to find

that the imposition of a sales tax on those transactions would be confiscatory and violative of section 181 of the Kentucky Constitution. We agree with the cabinet's contention, but disagree with appellees' contentions. Hence, we reverse and remand on the direct appeal, and affirm on the cross-appeal.

Appellee Saylor obtained a sales and use tax permit to operate a sole proprietorship known as "Numismatic Exchange." The retail business sold bullion coins, numismatic coins, and jewelry. On January 24, 1978, Saylor incorporated the business. However, he never formally notified the cabinet of this fact, and he continued to operate his corporate business under the authority of the sales and use tax permit which had been issued in his individual name. It is undisputed that the tax returns filed during 1978 and 1979 designated the taxpayer as "Numismatic Exchange, c/o Byrd Saylor, Jr." and that when he signed them, he designated himself as "owner" rather than as a corporate officer.

The cabinet conducted an audit of Saylor's business for the period between January 1, 1976 and December 31, 1979. As a result of the audit, the cabinet determined that sales taxes had improperly not been collected or paid on any of the sales of bullion coins during the audit period. The cabinet levied a substantial assessment against Saylor, individually, respecting those transactions. Saylor appealed to the board of tax appeals, urging several grounds for invalidating the cabinet's assessment. Principally, he argued that the bullion coins he sold were intangible property, and thus not subject to the sales tax. Further, he urged that even if the transactions were subject to the sales tax, the imposition of the tax was illegal. Moreover, he argued that he should not be adjudged personally liable for the sales made by his corporation.

The board ultimately rejected all of Saylor's arguments and affirmed the cabinet's assessment. On appeal to the circuit court, the board's decision was affirmed except as to the determination that Saylor is personally liable for all the sales made by his corporation. This appeal and cross-appeal followed.

First, we will address Saylor's contentions on cross-appeal.

Saylor argues that the bullion coins sold by his business are nothing more than money as defined in KRS 355.1–201(24), and hence, that they are intangible personal property not subject to sales tax. Further, he urges that imposing a tax on the sale of such property would be grossly unfair. We disagree.

■ As noted by the cabinet, expert witness testimony was adduced before the board of tax appeals to the effect that the bullion coins sold by Saylor did not satisfy the four functions of money, and hence could not validly be classified as such. Further, the expert testimony was consistent with the reasoning of several other courts when addressing this same issue in the context of state revenue departments' sales tax assessment proceedings. *See, e.g., Scotchman's Coin Shop v. Admin. Hearing Com'n.*, 654 S.W.2d 873 (Mo. banc 1983). We fail to perceive any basis for not adhering to this majority view. Accordingly, we hold that the court did not err by determining that the bullion coins sold by Saylor fall within the meaning of the definition of tangible property set forth in KRS 139.160, and hence, that a retail sale of such coins is a transaction to which the Kentucky sales tax statute applies.

Next, Saylor argues that the imposition of a tax on the sale of such coins is confiscatory and violative of section 181 of the constitution. We disagree.

■ Saylor's argument in this vein is premised on the assertion that his gross profit on the transactions involving the sale of bullion coins amounted to only two and one-half percent of the sales price of the coins themselves, and that to require him to also collect a five percent sales tax on each sale would effectively drive him out of business. However, as noted by the cabinet, Saylor's argument ignores the fact that he was entitled to collect the sales tax from his customers at the time of the sales. Had he done so, his two and one-half percent profit margin would not have been affected by the imposition of the tax. Moreover, the principal case cited by Saylor

in support of his argument is distinguishable, as it involves the imposition of an excise tax on oleomargarine. *See Field Packing Co. v. Glenn*, 5 F.Supp. 4 (W.D. Ky.1933), modified 290 U.S. 177, 54 S.Ct. 138, 78 L.Ed. 252 (1933). While collection of the tax in that case clearly would have wiped out the merchant's profit, as the merchant was not entitled to pass on the burden of the tax to customers, such is not the situation in the case at bar. Further, contrary to Saylor's contention and as noted in the cabinet's brief, many states do indeed impose a sales tax on the retail sales of bullion coins. Accordingly, we hold that the court did not err by finding that the imposition of a sales tax on the sale of bullion coins was not confiscatory and violative of section 181 of the constitution.

On direct appeal, the cabinet argues that the court erred by finding that Saylor is not personally liable for the sales which took place subsequent to the date he incorporated his business. We agree.

■ The applicable statute, KRS 139.-250, states that once a sales tax permit is issued, it "shall not be assignable and shall be valid only for the person in whose name it is issued and for the transaction of business at the place designated therein." It is clear that by virtue of this statute, Saylor's corporation was required to apply for its own sales tax permit, and it was not authorized to continue operating the business under the authority conferred by the permit issued to Saylor individually. Given the fact that Saylor never formally notified the cabinet either orally or in writing that he had incorporated his business, the fact that his corporation never applied for a sales tax permit, and the fact that Saylor never designated the corporation as the taxpayer on his tax returns but merely signed them as "owner" without indicating that he was doing so as a corporate officer, we conclude there was no basis for the court to determine that he should not be personally liable for the sales tax due as a result of corporate sales made under the authority conferred by the permit issued to him in his own name.

■ Moreover, we cannot agree that the result should be different merely because the taxes remitted during this period were paid by issuance of a corporate check. Since the corporation was operating illegally without having applied for a sales tax permit, and Saylor failed to notify the cabinet that he had ceased conducting a sole proprietorship business under the permit issued in his individual name, the mere fact that the checks submitted with his tax returns indicated that a corporation was paying the taxes due was insufficient to charge the cabinet with notice of this fact, since many tax returns are filed by individuals other than those who pay the taxes due. Viewing the sales tax statute as a whole, it is clear to us that the burden to relieve himself from sales tax liability for transactions which occurred subsequent to the incorporation of his business necessarily rested with appellant as the sales tax permit holder. Here, since the returns completed and filed by Saylor were misleading, as they failed to indicate he had incorporated his business, and since the cabinet had no basis for questioning the accuracy of any of the information provided in those documents, we conclude that Saylor is not entitled to be relieved from personal liability for corporate sales made pursuant to the authority conferred by his individual sales tax permit. We express no opinion, however, as to whether a taxpayer who gives the cabinet actual notice about a subsequent incorporation of a business can be adjudged personally liable for sales taxes owed as a result of that corporation's subsequent sales.

So much of the court's judgment as relieves Saylor of personal liability for sales of bullion coins subsequent to the date he incorporated his business is reversed and remanded with directions to enter a new judgment adjudging him personally liable to the cabinet for the full amount of the taxes owed on such sales. The remainder of the court's judgment is affirmed.

CLAYTON, J., concurs.

REYNOLDS, J., concurs in result only.