**Donald H. JACOBS, doing business as The Jacobs Instrument Company, Appellant,**

**v.**

**J. Millard TAWES, Comptroller of The Treasury, State of Maryland, Appellee.**

No. 7528.

United States Court of Appeals Fourth Circuit.

Argued Nov. 22, 1957.

Decided Dec. 26, 1957.

Donald H. Jacobs, pro se.

Theodore C. Waters, Jr., Asst. Atty. Gen., of Maryland (C. Ferdinand Sybert, Atty. Gen., of Maryland, and Edward F. Engelbert, Staff Atty., Retail Sales Tax Division, Comptroller of the Treasury, of Maryland, Baltimore, Md., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order dismissing an action seeking an injunction to restrain the Comptroller of the Treasury of the State of Maryland from collecting Maryland sales and use taxes in the amount of $1,904.62, including penalties and interest, assessed against appellant under the provisions of Art. 81, sections 320–396 of the Code of Maryland of 1951. Appellant alleges in his complaint, which he calls a petition, that the sales and use taxes were improperly assessed against him as he was performing work under contract with the United States Navy, and that the state statutes under which the taxes were assessed are unconstitutional as applied to purchases made by him in performance of the contract. The District Judge dismissed the action on the ground that it did not involve the requisite jurisdictional amount. Jacobs v. Tawes, D.C., 151 F.Supp. 770.

We think that the order of dismissal was clearly correct. It ap-

pears from the face of the complaint that the amount involved in the action is only $1,904.62 including penalties and interest; and where jurisdiction is based, as it must be here, not on some special statute, but upon the fact that the controversy arises under the Constitution or laws of the United States, the amount in controversy must exceed "the sum or value of $3,000, exclusive of interest and costs." 28 U.S.C. § 1331. There can be no question but that the jurisdictional amount of $3,000 is a prerequisite to jurisdiction in the District Court where a court of three judges is required for the hearing of the case as well as in other cases. See Van Buskirk v. Wilkinson, 9 Cir., 216 F.2d 735; Reiling v. Lacy, D.C., 93 F. Supp. 462. It is too well settled to admit of argument that, in an action to restrain the collection of taxes, the amount in controversy is the amount of the taxes involved. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Cook's Estate, Trustees v. Sheppard, D. C., 8 F.Supp 21, affirmed Barwise v. Sheppard, 293 U.S. 527, 55 S.Ct. 145, 79 L.Ed. 637; M. & M. Transp. Co. v. City of New York, 2 Cir., 186 F.2d 157, 158; Reiling v. Lacy, supra, 93 F.Supp. 462.

There is no merit in the contention that attorneys' fees should be added to the amount of taxes; for there is no allegation that attorneys' fees have been incurred in connection therewith nor is there legal authority for collection of attorneys' fees, as in Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 54 S.Ct. 138, 78 L.Ed. 267. Nor is there merit in the contention that the action can be sustained regardless of the amount in controversy under 28 U.S. C. § 1345;[1] for appellant is not the United States, nor is he an "agency or officer thereof expressly authorized to sue by Act of Congress", and there is

---

[1] That section provides: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress. June 25, 1948, c. 646, 62 Stat. 933."

nothing in his having made a contract with the Navy which gives him such a status.

 Appellant contends, however, that the District Judge was without jurisdiction to dismiss the case, arguing that, since a court of three judges was required for the hearing of the application for injunction, a single judge had no jurisdiction to take any action in the case and, because of the provisions of 28 U.S.C. § 2284(5), might not dismiss it, even though no claim for relief cognizable in a federal court was stated in the complaint. We think that this contention is entirely without merit. The court of three judges is not a different court from the District Court, but is the District Court composed of two additional judges sitting with the single District Judge before whom the application for injunction has been made. 28 U.S. C. § 2284(1). The purpose of the requirement of three judges for the hearing of such a case is to prevent the improvident invalidation of state legislation by action of a single judge. Phillips v. United States, 312 U.S. 246, 248–251, 61 S.Ct. 480, 85 L.Ed. 800. The presence of the two additional judges is not required where no substantial question as to the validity of the state legislation is involved. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 4, 78 L.Ed. 152; Davis v. County School Board of Prince Edward County, D.C., 142 F.Supp. 616. The same is held where no basis for injunctive relief is asserted. Linehan v. Waterfront Commission of New York Harbor, D.C., 116 F.Supp. 401 (a case decided after the enactment of 28 U.S.C. § 2284). A fortiori, it is not required that the additional judges be summoned, when, as here, it appears from the complaint itself that the case is not one within the jurisdiction of the court.

Such a case is manifestly not one "required by Act of Congress to be heard and determined by a district court of three judges" within the language of 28 U.S.C. § 2284. As said in Ex parte Poresky, supra, " * * * the provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction."

 The rule laid down in Ex parte Poresky, supra, has not been changed by anything contained in 28 U.S.C. § 2284. That section was enacted to codify and clarify the practice with respect to the composition of and procedure before courts of three judges. Subsection 5 of the section [2] was manifestly intended to regulate procedure after the court of three judges had been constituted, not to abrogate the salutary rule that the judge before whom the action was brought may dismiss it if the complaint does not state a case within the jurisdiction of the District Court. In the case of Van Buskirk v. Wilkinson, 9 Cir., 216 F.2d 735, 737, which was decided after the enactment of 28 U.S.C. § 2284(5), the Court of Appeals of the Ninth Circuit sustained the dismissal by a single District Judge, before a court of three judges had been constituted, of a petition for an injunction against the enforcement of an act of Congress. The opinion in the case was written by Judge Driver, a member of the Supreme Court's committee on Rules of Civil Procedure, who used the following language of peculiar pertinency to the case before us, viz.:

"The only statutory basis for jurisdiction in the District Court cited by appellant, either in his petition or his brief on appeal, consists of Sections 2282 and 2284 of Title 28 U.S.C.A. The cited sections are not jurisdictional but pro-

---

2. That subsection is as follows: "(5) Any one of the three judges of the court may perform all functions, conduct all proceedings except the trial, and enter all orders required or permitted by the rules of civil procedure. A single judge shall not appoint a master or order a reference, or hear and determine any application for an interlocutory injunction or motion to vacate the same, or dismiss the action, or enter a summary or final judgment. The action of a single judge shall be reviewable by the full court at any time before final hearing."

cedural. They provide that in certain circumstances a District Court must consist of three judges. Necessarily they assume jurisdiction in the court under some other statutory provision. In order for a District Court to have jurisdiction in a case arising under them, there must be both a substantial federal question and the jurisdictional minimum amount in controversy.

\* \* \* \* \* \*

"Appellant's petition in the District Court does not contain any allegation whatsoever of any amount in controversy. The omission is fatal if the petition is to be taken for what it purports to be, namely, an application for injunction and declaratory relief in a civil action arising under the Constitution and laws of the United States."

As we have frequently pointed out, statutes should be construed to avoid absurd consequences, as Congress must be presumed not to have intended what was absurd; and it would certainly be absurd to require that, in a case of which the court manifestly lacks jurisdiction, the District Judge must notify the Chief Judge of the Circuit to call in two additional judges, the Chief Judge must call them in and all the cumbersome machinery of a court of three judges must be set in motion merely to dismiss the case. If the single District Judge in dismissing the case for lack of jurisdiction commits error, the error can be corrected by appeal to the Court of Appeals without burdening the Supreme Court with a direct appeal.

Our conclusion is that 28 U.S.C. § 2281 requires a hearing before a District Court of three judges as a prerequisite to the granting of an injunction, not as a prerequisite to dismissing the case when the District Court clearly lacks jurisdiction, and that 28 U.S.C. § 2284(5) forbids dismissal by a single judge only after a court of three judges has been constituted and the procedure applicable to proceedings before the three judges becomes applicable.

Affirmed.