Lemuel CHESTER, Jr., Leon Lewis, James Lewis, Albert Young, Jr., James D. Fletcher, Mrs. Gladys Fletcher, Stuart Wechsler, Cambridge Black Action Federation, Student Non-Violent Coordinating Committee, Congress of Racial Equality

v.

Brice S. KINNAMON, Chief of Police of Cambridge, Maryland, William B. Yates, II, State's Attorney for Dorchester County, Maryland, Charles Dodson, Fire Chief of Cambridge, Maryland, Ira (Sarge) Johnson, Sr., Sheriff for Dorchester County, Maryland.

Civ. No. 18869.

United States District Court
D. Maryland.

Nov. 14, 1967.

Fred E. Weisgal, Lawrence Kotin and Weisgal, Albert & Lasover, Baltimore, Md., William M. Kunstler and Arthur Kinoy, New York City, Morton Stavis, Dennis Roberts and Harriet Van Tassel, Newark, N. J., for plaintiffs.

Francis B. Burch, Atty. Gen., of Maryland, Robert F. Sweeney, Deputy Atty. Gen., Morton A. Sacks, Thomas A. Garland, Asst. Attys. Gen., for defendants.

FRANK A. KAUFMAN, District Judge.

The complaint alleges that six of the nine plaintiffs are residents of Cambridge, Maryland, and that two of those six are members of the Cambridge Black Action Federation suing on behalf of themselves and others similarly situated. A seventh plaintiff sues as a member of the Congress of Racial Equality for himself and others similarly situated. The eighth plaintiff is alleged to be an unincorporated association, the Cambridge Black Action Federation, described as an organization "whose purpose is to help to secure to all black citizens of Cambridge the rights guaranteed to them under the Constitution of the United States, and to end all forms of racial segregation and discrimination" in Cambridge. A ninth plaintiff is the Congress of Racial Equality, stated to be an unincorporated association, with a purpose, national in scope, substantially corresponding to the local purpose of the Cambridge Black Action Federation. Jurisdiction is alleged under the Federal Constitution and named amendments thereto, and under certain federal statutes.[1] The amount in controversy, ex-

---

1. 28 U.S.C. §§ 1331, 1332, 1343(3), (4), 2201, 2202, 2281 and 2284; 42 U.S.C. §§ 1971, 1981, 1983, and 1985. Plaintiffs also designate "The Civil Rights Act of 1964"; and "The Voting Rights Act of 1965."

clusive of interest and costs, is stated to exceed $10,000.

The complaint names four defendants, respectively the Chief of Police and the Fire Chief of Cambridge, and the State's Attorney and Sheriff of Dorchester County; and alleges that said defendants have "purposely conspired together and entered into a plan or scheme of concerted and joint action" with each other and with others to subject plaintiffs and the classes they represei⁺ to deprivation of their constitutional rights. Pursuant to such plan or scheme, defendants are alleged to have refrained and to continue to refrain from prosecuting persons seeking to kill and injure plaintiffs and members of the classes they represent, and to have prosecuted and to continue to prosecute plaintiffs and such class members under Art. 27, Secs. 7, 12, and 123 of the Annotated Code of Maryland, as amended, and under the common-law crime of "Inciting to Riot"; otherwise to harass and deter them from exercising their constitutional rights; and, to refrain from providing plaintiffs and such class members with fire and police protection. The allegations of the complaint contain specific references to certain events, including fires and acts of violence "against the black community" in Cambridge during June and July, 1967.

The complaint alleges that the three Maryland statutes and the common-law crime of inciting to riot are "void and illegal on their face and as applied to plaintiffs herein" and violative of constitutional rights of plaintiffs and the alleged class members including, among others, rights of free speech, assembly and due process. Plaintiffs claim that defendants, by threatening the enforcement of such allegedly unconstitutional statutes and unconstitutional common-law crime, with the intent to deter plaintiffs and the members of the classes which they represent from exercising their peaceful and non-violent rights, have subjected and continue to subject plaintiffs and such class members to irreparable injury.

The parties have stipulated that the indictments in certain criminal cases instituted in the Circuit Court for Dorchester County, Maryland, are part of the record in this proceeding. Respectively, those indictments charge plaintiffs Leon Lewis and James Lee Lewis under Art. 27, Sec. 12 [2] and for "unlawfully" making "an assault upon" a police officer; plaintiffs Mrs. Gladys Fletcher and James D. Fletcher under Art. 27, Sec. 7; [3] plaintiff Lemuel Chester, Jr. with riot and incitement to riot; and plaintiff Stuart Norman Wechsler with incitement to riot. No issue has been raised by plaintiffs with regard to the charge against Messrs. Lewis, of assaulting a police officer, or with regard to the charge of riot against Lemuel Chester, Jr. None of the plaintiffs have been indicted under Art. 27, Sec. 123.

Plaintiffs ask this Court to convene a three-judge District Court pursuant to 28 U.S.C. §§ 2281 and 2284. Plaintiffs seek from such three-judge court a declaratory judgment that the three Maryland statutes and the common-law crime of inciting to riot are unconstitutional and therefore void. They also request that such court issue interlocutory and permanent injunctions against the enforcement of the three Maryland statutes and of the common-law crime of incitement to riot, as violative "on their face" of the Federal Constitution "and/or as applied to the conduct of the plaintiffs." Injunctive relief is also sought against the defendants impeding plaintiffs and the class members they represent from exercising their constitutional rights. Also, plaintiffs ask that such three-judge court enjoin further proceedings in the Circuit Court for Dorchester County in pending cases instituted pursuant to the aforementioned indictments.

Section 2281 of 28 U.S.C. is the first section of Chapter 155 of Title 28. That chapter is entitled "Injunctions; Three-

---

**2.** See n. 5, infra.

**3.** See n. 4, infra.

Judge Courts" and that said section provides:

> An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

Section 2284 of 28 U.S.C. provides, in part:

> In any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges the composition and procedure of the court, except as otherwise provided by law, shall be as follows:
>
> (1) The district judge to whom the application for injunction or other relief is presented shall constitute one member of such court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action or proceeding.

■ Under 28 U.S.C. §§ 2281 and 2284(1) this Court is required to ask the Chief Judge of the United States Circuit Court for the Fourth Circuit to convene a three-judge District Court *only* if there is a substantial, non-frivolous attack upon the constitutionality of a Maryland statute, but not otherwise. Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Green v. Board of Elections, 380 F.2d 445, 448 et seq. (2d Cir. 1967); German v. South Carolina State Ports Authority, 295 F.2d 491, 494 (4th Cir. 1965); Jacobs v. Tawes, 250 F.2d 611, 614 (4th Cir. 1957). Plaintiffs concede that they make no such attack upon either Art. 27, Sec. 7 [4] or Art. 27, Sec. 12.[5]

---

4. Art. 27, Sec. 7 provides:

 Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, *counsels* or procures the burning of any barn, stable, garage or other building, whether the property of himself or of another, not a parcel of a dwelling house; or any shop, storehouse, warehouse, factory, mill or other building, whether the property of himself or of another; or any church, meeting house, courthouse, workhouse, school, jail or other public building or any public bridge; shall be guilty of a felony and upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than ten years. [emphasis supplied.]

 Plaintiffs' attorneys mentioned during oral argument a possible question with regard to the consitutional propriety of Art. 27, Sec. 7 because of the inclusion therein of the word "counsel". However, plaintiffs' attorneys stated they were not pressing any contention that Art. 27, Sec. 7 is constitutionally defective.

5. Art. 27, Sec. 12 provides as follows:

 Every person convicted of the crime of an assault with intent to have carnal knowledge of a female child under the age of 14 years, or with intent to rob shall be guilty of a felony and shall be sentenced to confinement in the Maryland Penitentiary for not less than two years or more than ten years; every person convicted of the crime of an assault with intent to murder shall be guilty of a felony and shall be sentenced to confinement in the Maryland Penitentiary for not less than two years nor more than fifteen years; and every person convicted of the crime of an assault with intent to commit a rape shall be guilty of a felony and shall be punished with death, or, in the discretion of the court, he shall be sentenced to confinement in the penitentiary for the period of his natural life, or he shall be sentenced to confinement in the penitentiary for not less than two years nor more than twenty years; provided, however, that the jury before whom any person indicted for the crime of an assault with

During oral argument plaintiffs' counsel did not press, and indeed specifically dropped, any attack on the validity of the common-law crime of inciting to riot. After the hearing, at the request of plaintiffs' counsel and by agreement of counsel on both sides approved by the Court, such concession was withdrawn. However, the attention of this Court has not been directed to any authority, argument or analysis that such common-law crime is the equivalent of a state statute for purposes of 28 U.S.C. § 2281. As is discussed below in this opinion, that section must be narrowly and technically construed.

Even if the common-law crime of incitement to riot can, for the purposes of § 2281, be considered the equivalent of a statute, the discussion in Cohen v. State, 173 Md. 216, 195 A. 532 (1937) by the Court of Appeals of Maryland would seem to foreclose any substantial constitutional attack. In that case, the Court, while dealing with the common-law crime of riot, said (at 221, 195 A. at 538) that "[a]t common law it was necessary that three or more persons be unlawfully assembled to carry out a common purpose in such violent or turbulent manner as to terrify others, * * *." See also 7 Md.Law Encyc. Criminal Law § 2, p. 153. The bare conclusory challenge of plaintiffs to the validity *per se* of the common-law crime of wilfully inciting to riot hardly presents a substantial question.

 The principal contention of plaintiffs is that whether or not they are attacking the constitutionality *per se* of Art. 27, Sec. 7, or Art. 27, Sec. 12, or the common-law crime of inciting to riot,

they are entitled to a three-judge court under 28 U.S.C. § 2281 because they are attacking the conspiratorial and unconstitutional application to plaintiffs of each of those statutes and of that common-law crime. It is true that if state officials seek to enforce a state statute against a member of a class when the statute, otherwise constitutional, cannot be constitutionally applied to that person in his status as a member of such class, that person may then obtain a statutory three-judge court, should he challenge the constitutionality of the statute being enforced against him. Dept. of Employment v. United States, 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966); Query v. United States, 316 U.S. 486, 62 S.Ct. 1122, 86 L.Ed. 1616 (1942). But a claim, such as those advanced herein, that a state statute, not invalid *per se*, is being applied in an unconstitutional manner to a member of the general public or a member of any class to whom, if properly administered, it could be constitutionally applied, does not require adjudication by a 28 U.S.C. § 2281 three-judge court. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940); Benoit v. Gardner, 351 F.2d 846, 848 (1st Cir. 1965); Aaron v. Cooper, 261 F.2d 97, 105–106 (8th Cir. 1958); Clemmons v. Congress of Racial Equality, 201 F.Supp. 737, 740, 745–747 (E.D.La.1962) rev'd on other grounds, 323 F.2d 54 (5th Cir. 1963); Wright, Federal Courts 164, § 50; Anno., 15 L.Ed.2d 905, 917–18; See Note, 77 Harv.L.Rev. 299, 306 et seq. (1963). Therefore, plaintiffs' contentions concerning the alleged unconstitutional administration of Art. 27, Secs. 7

---

intent to commit a rape shall be tried, if they find such person guilty thereof, may add to their verdict the words "without capital punishment", in which case the sentence of the court shall not exceed twenty years in the penitentiary and in no case where a jury shall have rendered a verdict in manner and form as hereinbefore prescribed, "without capital punishment", shall the court in imposing the sentence, sentence the convicted party to pay the death pen-

alty or to be confined for more than twenty years in the penitentiary. Nothing in this section as hereby amended shall be construed or held to effect or control any violation of this section occurring prior to June 1, 1949, or the prosecution thereof, but each such violation and prosecution thereof shall be governed by the provisions of the section as it read and was in effect at the time such violation occurred.

and 12, and also of the common-law crime of incitement to riot (assuming, *arguendo*, that the coverage of 28 U.S.C. § 2281 extends to the said common-law crime) do not require the convening of a three-judge court. Any wrong so complained of herein by plaintiffs is "a wrong done by officers under the statute [or common law] rather than because of the requirement of the statute [or common law] itself." Ex parte Bransford, supra, 310 U.S. at 359, 60 S.Ct. at 950.

. The true purpose of 28 U.S.C. §§ 2281 and 2284 can be clearly discerned from the following analysis by Mr. Justice Frankfurter in Phillips v. United States, supra, 312 U.S. 246, 250–251, 61 S.Ct. 480, 483 discussing the predecessor statutory provisions of those sections:

> * * * While Congress thus sought to assure more weight and greater deliberation by not leaving the fate of such litigation [attacking the constitutionality of a state statute] to a single judge, it was no less mindful that the requirement of three judges, of whom one must be a Justice of this Court or a circuit judge, entails a serious drain upon the federal judicial system particularly in regions where, despite modern facilities, distance still plays an important part in the effective administration of justice. And all but the few great metropolitan areas are such regions. Moreover, inasmuch as this procedure also brings direct review of a district court to this Court, any loose construction of the requirements of § 266 would defeat the purposes of Congress, as expressed by the Jurisdictional Act of February 13, 1925, to keep within narrow confines our appellate docket. * * *

To bring this procedural device into play—to dislocate the normal operations of the system of lower federal courts and thereafter to come directly to this Court—requires a suit which seeks to interpose the Constitution against enforcement of a state policy, whether such policy is defined in a state constitution or in an ordinary statute or through the delegated legislation of an "administrative board or commission." The crux of the business is procedural protection against an improvident state-wide doom by a federal court of a state's legislative policy. This was the aim of Congress and this is the reconciling principle of the cases.

Sections 2281 and 2284 of 28 U.S.C. are technical in nature and are to be applied in a "limited class of cases of special importance"—those cases in which Congress seeks to protect "the increasing body of state legislation * * from invalidation by a conventional suit in equity." Phillips v. United States, supra, 312 U.S. 248, 249–250, 61 S.Ct. 483. Chief Judge Parker used substantially similar language in Jacobs v. Tawes, supra, 250 F.2d 611, 614, in discussing the present three-judge court statute. It has also been said that in establishing the three-judge court procedure Congress "was not acting to benefit the complaining party, whose interests were thought to be too well protected by the unfettered single district judge * * *." Note, supra, 77 Harv.L.Rev. 299, 300. Professor Wright has written:

> * * * For these reasons the [Supreme] Court has said that the [three-judge court] statute is not "a measure of broad social policy to be construed with great liberality, but * * * an enactment technical in the strict sense of the term and to be applied as such." [Wright, supra, 163, § 50, quoting from Phillips v. United States, supra, 312 U.S. at 251, 61 S.Ct. at 483. See also Moody v. Flowers, 387 U.S. 97, 101–102, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967)].

This Court, as a District Court but not as a three-judge court, will, if requested so to do, promptly hold a hearing to consider on the merits whether to grant any of the relief prayed with regard to Art. 27, Secs. 7 and 12 and the common-law crime of inciting to riot. See Lankford v. Gelston, 364 F.2d 197 (4th Cir. 1966). In that event the possible bar

of 28 U.S.C. § 2283 [6] would seemingly be in question. See Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1966); Dilworth v. Riner, 343 F.2d 226 (5th Cir. 1965). To date, however, this Court has only been asked to hold a hearing to determine whether a three-judge court, pursuant to 28 U.S.C. § 2281, is required to consider the questions concerning these two Maryland statutes and the common-law crime of inciting to riot, and to convene a three-judge court.

Art. 27, Sec. 123,[7] the third statute attacked by plaintiffs, is not involved in any of the pending Dorchester County cases. The allegation with regard to the unconstitutionality of that statute on its face, does, in this Court's opinion, raise a substantial, non-frivolous question. See, Baker v. Bindner, 274 F.Supp. 658

(W.D.Ky.1967); Carmichael v. Allen, 267 F.Supp. 985 (N.D.Ga. Atlanta Div. 1966); See also, Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Terminiello v. City of Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1948). This Court therefore hereby separates and certifies that question to the Chief Judge of the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. §§ 2281 and 2284. See Hobson v. Hansen, 256 F.Supp. 18 (D.C.1966). However, for the reasons set forth above, this Court does not hereby certify, pursuant to 28 U.S.C. §§ 2281 and 2284, the questions raised with regard to Article 27, Sections 7 and 12 and the common-law crime of inciting to riot.[8]

**6.** 28 U.S.C. § 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

**7.** Art. 27, Sec. 123 of Md.Code Ann. provides:

Every person who shall be found drunk, or acting in a disorderly manner to the disturbance of the public peace, upon any public street or highway, in any city, town or county in this State, or at any place of public worship or public resort or amusement in any city, town or county of this State, or in any store during business hours, or in any elevator, lobby or corridor of any office building or apartment house having more than three separate dwelling units in any city, town or county of this State, and any person who drinks, or has in his possession, any intoxicating beverages while in attendance as a spectator or otherwise, at any place where an elementary school, junior high school or high school athletic contest is taking place, shall be deemed guilty of a misdemeanor; and upon conviction thereof, shall be subject to a fine of not more than fifty dollars, or be confined in jail for a period of not more than sixty days or be both fined and imprisoned in the discretion of the court. Habitual offenders may be fined not more than one hundred dol-

lars or committed to jail or the Maryland House of Correction for not more than six months. An habitual offender is a person who shall have been convicted under the provisions of this section five (5) times in the preceding twelve (12) months. The trial magistrates of the respective counties of this State shall have concurrent jurisdiction over such offense with the circuit court for their respective counties.

**8.** As this opinion was ready to be filed, this Court received from plaintiffs' counsel copies of Orders in Stamler v. Willis, Nos. 65 C 800 and 65 C 2050, entered on November 9, 1967, by a three-judge court sitting in the United States District Court for the Northern District of Illinois, Eastern Division, and copies of briefs filed in that case. Those submissions were stated to be in support of plaintiffs' renewed contentions that their attack upon the constitutionality of the common-law crime of inciting to riot and their allegations of unconstitutional administration of that common-law crime as applied to plaintiffs required a three-judge court.

The November 9, 1967 Orders, in and of themselves, as opposed to earlier developments in that case, would seem to have little relevance to the issues herein. They do not deal with the three-judge court issue. The latter had been earlier dealt with by the Seventh Circuit in Stamler v. Willis, 371 F.2d 413, (7th Cir. 1966), in which that Court reversed the dismissals of plaintiffs' complaints by the District Court. The com-

plaints had alleged that Rule XI 18(b) of the Legislative Reorganization Act of 1946, 60 Stat. 812, 828, authorizing certain activities by the Committee on Un-American Activities of the federal House of Representatives, was violative of the Federal Constitution. Plaintiffs, who had been cited for contempt of Congress under 2 U.S.C. § 192, sought certain declaratory and injunctive relief. The Seventh Circuit held, in 371 F.2d 413, that a three-judge court was required under 28 U.S.C. § 2282. That Section provides as follows:

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

In Stamler v. Willis, supra, 371 F.2d at 414, n. 5, the Seventh Circuit stated:

Because of the allegations here of the Subcommittee conduct giving an unconstitutional meaning to the statute, this case is distinguished from those where unconstitutional conduct under color of a valid statute is alleged. Ex

parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940). It is well established that the meaning of a statute must not be derived solely from its abstract terms, "unrelated to the definite content furnished them by the course of congressional actions." Barenblatt v. United States, 360 U.S. 109, 117, 79 S.Ct. 1081, 1088, 3 L.Ed. 2d 1115 (1959).

Stamler v. Willis, supra, deals with specific legislative action. Such action, in its very essence, is distinguishable from the common-law crime of incitement to riot. The holding of the Seventh Circuit that a three-judge court is required to consider the attack upon the unconstitutionality of the legislative action complained of in Stamler v. Willis is therefore not authority for the proposition which plaintiffs advance, namely, that a three-judge court should be convened to determine the issue of whether the common-law crime of inciting to riot is *per se* unconstitutional. Insofar as plaintiffs allege that the common-law crime of inciting to riot has been unconstitutionally administered as to them, the above-quoted footnote in Stamler v. Willis, supra, with its reference to Ex parte Bransford, supra, is self-revealing.