371 F.2d 413
 Jeremiah STAMLER, M.D. and Yolanda F. Hall, Plaintiffs-Appellants,
v.
Honorable Edwin E. WILLIS et al., individually and as Chairman and Members of the Committee on Un-American Activities of the United States House of Representatives, Defendants-Appellees.
Milton M. Cohen, Intervening Plaintiff-Appellant.
 No. 15268.
 No. 15269.
 No. 15668.
 No. 15669.
 United States Court of Appeals Seventh Circuit.
 November 10, 1966.
 Rehearing Denied February 13, 1967 en banc.
 
 Albert E. Jenner, Jr., Harry Kalven, Jr., Richard Orlikoff, Chicago, Ill., Arthur Kinoy, New York City, Thomas P. Sullivan, Lael F. Johnson, Chicago, Ill., Raymond, Mayer, Jenner & Block, Chicago, Ill., Kunstler, Kunstler & Kinoy, New York City, for appellants.
 Edward V. Hanrahan, U. S. Atty., Jack B. Schmetterer, Atty., Chicago, Ill., J. Walter Yeagley, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Kevin T. Maroney, Lee B. Anderson, Attys., Dept. of Justice, Washington, D. C., John Peter Lulinski, Asst. U. S. Atty., of counsel, for appellees.
 Before KNOCH, KILEY and CUMMINGS, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 Plaintiffs appeal from a judgment of the district court denying their motion for a three-judge court[1] and dismissing their complaints. We order the judgment vacated.[2]
 
 
 2
 Since this court has no greater jurisdiction in this case than the single district judge, the sole question is whether the complaints presented a substantial constitutional question so as to deprive the district court of jurisdiction to dismiss the complaints.
 
 
 3
 The district court did not reach this question, but dismissed on the basis of rulings on "threshold questions" as to the propriety of a decision on the merits. But in our view, the district court, in reaching its conclusions on the "threshold questions," relied in part upon decisions on the merits of the case presented and in doing so exceeded the single-judge preliminary inquiry jurisdiction. We think that if the complaints present a substantial constitutional question, the three-judge court request ought to be granted, since there is no doubt that the complaints "at least formally alleges a basis for equitable relief * * *" and that "the case presented otherwise comes within the requirements of the three-judge statute."[3] Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962).
 
 
 4
 The complaints alleged generally that the interpretation of section 18 of Rule XI[4] as expressed by the continued conduct of the Subcommittee of the House Un-American Activities Committee attributes a meaning to the rule which renders it unconstitutional, and that this conduct consisted of the exposure of witnesses, including plaintiffs, to public scorn and obloquy and harassment and intimidation of these witnesses without any legislative purpose but rather to chill and deter them and others in the exercise of their first amendment rights.
 
 
 5
 These allegations raise a substantial constitutional question not foreclosed by the Supreme Court in Barenblatt v. United States, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115 (1959).
 
 
 6
 In Barenblatt the Court rejected the contention that Rule XI was unconstitutionally vague in delineating the limits of Subcommittee inquiry when judged, as it must be, in the concrete. The Court held that the Committee's history and the "persuasive gloss of legislative history" disclosed authority, unassailable on grounds of vagueness, to investigate Communist influence in education. 360 U.S. at 122, 79 S.Ct. at 1097. On the issue of violation of first amendment rights, the Court said "[t]here is no indication in this record that the Subcommittee was attempting to pillory witnesses." 360 U.S. at 134, 79 S.Ct. at 1097. Here it is alleged that Rule XI, section 18, is unconstitutional as continually interpreted by the Subcommittee to justify the effectual "pillorying" of plaintiffs and other witnesses.[5] We think the Court's language in Gojack v. United States, 384 U.S. 702, 86 S.Ct. 1689, 16 L.Ed.2d 870 (1966), supports our conclusion that the complaints raise a question not foreclosed by Barenblatt: "In the circumstances of that case [Barenblatt], the Court sustained the constitutionality of the investigation. * * *" (Emphasis added.) Id. at 706, 86 S.Ct. at 1692. We hold that a substantial constitutional question was presented and that the district court had no jurisdiction to dismiss the complaints.
 
 
 7
 The cause is remanded with directions to vacate the judgment and to grant the request for a three-judge court.
 
 
 
 Notes:
 
 
 [1]
 28 U.S.C. § 2282 (1964):
 An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.
 
 
 [2]
 Since the issues raise by the first complaints, filed the day before the hearings, are substantially the same as those raised by the second complaints, we need discuss only the second
 
 
 [3]
 There is no doubt that a single district judge, where a three-judge court is requested, may consider the question of his own jurisdiction in an appropriate caseE.g., Lion Mfg. Corp. v. Kennedy, 117 U.S.App.D.C. 367, 330 F.2d 833 (1964).
 
 
 [4]
 Legislative Reorganization Act of 1946, 60 Stat. 812, 818, as adopted by the Eighty-Ninth Congress. H.R. 8, 89th Cong., 1st Sess., 111 Cong.Rec. 21 (1965)
 
 
 [5]
 Because of the allegations here of the Subcommittee conduct giving an unconstitutional meaning to the statute, this case is distinguished from those where unconstitutional conduct under color of a valid statute is alleged. Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940). It is well established that the meaning of a statute must not be derived solely from its abstract terms, "unrelated to the definite content furnished them by the course of congressional actions." Barenblatt v. United States, 360 U.S. 109, 117, 79 S.Ct. 1081, 1088, 3 L.Ed.2d 1115 (1959)
 
 
 
 8
 KNOCH, Circuit Judge (dissenting).
 
 
 9
 Reluctantly I find myself in disagreement with my colleagues. It seems to me that the District Judge properly considered the threshold questions of standing to sue and the propriety of the remedies sought. As indicated in his original ruling involved in appeals Nos. 15268 and 15269, he was of the opinion that a substantial constitutional question had not been presented at that time. Similarly, there is an indication that he was still of that opinion in deciding the later petitions involved in appeals Nos. 15668 and 15669, although he disposed of the matters on the announced threshold grounds. I believe that his actions were correct and his disposition of the matter should be affirmed.