Allen M. KREBS and Walter D. Teague, III, Appellants,

v.

John M. ASHBROOK et al., Appellees.

No. 21382.

United States Court of Appeals District of Columbia Circuit.

Argued May 9, 1968.

Decided May 14, 1968.

Petition for Rehearing En Banc and for Rehearing before the Division Denied July 12, 1968.

Certiorari Denied Jan. 13, 1969.

See 89 S.Ct. 619.

Mr. Jeremiah S. Gutman, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. William M. Kunstler, New York City, Lawrence Speiser, Washington, D. C., and Philip J. Hirschkop, Alexandria, Va., were on the brief, for appellants.

Mrs. Lee B. Anderson, Atty., Department of Justice, with whom Asst. Atty. Gen. J. Walter Yeagley and Mr. Kevin T. Maroney, Atty., Department of Justice, were on the brief, for appellees.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and ROBINSON, Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

On consideration thereof, and this court being in general agreement with the opinion filed by the District Court in this case, Krebs v. Ashbrook, D.D.C., 275 F.Supp. 111 (1967), it is

Ordered and adjudged by this court that the judgment of the District Court appealed from in this cause be, and it is hereby, affirmed.

PRETTYMAN, Senior Circuit Judge (concurring).

I concur in the judgment of the court, but I would go further and direct either the three-judge court or the single District Judge to dismiss the complaint. As I see it, no justiciable controversy is presented by the complaint. Appellants have not been asked any questions. They allege they are threatened by reason of their knowledge of the general reputation of the House Committee. The Supreme Court has passed on the point several times,[1] as has this court.[2] Stamler

1. I have in mind what the Supreme Court said in Hutcheson v. United States, 369 U.S. 599, 619, 82 S.Ct. 1005, 1016, 8 L.Ed.2d 137 (1962): "Unless interrogation is met with a valid constitutional objection 'the scope of the power of [congressional] inquiry * * * is as penetrating and far-reaching as the potential power to enact and appropriate under the Constitution.' Barenblatt v. United States, [360 U.S. 109], at 111 [79 S.Ct. 1081, at 1085, 3 L.Ed.2d 1115 (1959)]. And it is not until the question is asked that the interrogator can know whether it will be answered or will be met with some constitutional objection. To deny the Committee the right to ask the question would be to turn an 'option of refusal' into a 'prohibition of inquiry,' 8 Wigmore, Evidence (3d ed.) § 2268 * * *. Such a restriction upon con-

gressional investigatory powers should not be countenanced."

And from another point of view see Ashwander v. TVA, 297 U.S. 288, 347–348, 56 S.Ct. 466, 80 L.Ed. 688 (Brandeis, J., concurring), and Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). See also Jaffe, Standing to Secure Judicial Review: Public Actions, 74 HARV. L.REV. 1265 (1961), and Note, The Supreme Court and Standing to Sue, 34 N.Y.U.L.REV. 141 (1959).

2. Mins v. McCarthy, 93 U.S.App.D.C. 220, 209 F.2d 307 (1953); Pauling v. Eastland, 109 U.S.App.D.C. 342, 345, 288 F.2d 126, 129, cert. denied, 364 U.S. 900, 81 S.Ct. 233, 5 L.Ed.2d 194 (1960): "The separation of powers principle is one of the basic concepts of the Consti-

v. Willis [3] is not apposite, because there the plaintiffs had been asked questions, had refused, and stood in immediate danger of prosecution.

tution. The courts have no power of interference, unless and until some event, such as arrest, indictment or conviction, brings an actual controversy into the sphere of judicial authority. The courts cannot interfere merely upon the petition of a person potentially liable to some such event." See also Fischler v. McCarthy, 117 F.Supp. 643 (S.D.N.Y.1954), aff'd, 218 F.2d 164 (2d Cir. 1954).

