**Jeremiah STAMLER, M.D. and Yolanda F. Hall, Plaintiffs-Appellants,**

**and**

**Milton M. Cohen, Intervening Plaintiff-Appellant,**

**v.**

**Hon. Edwin E. WILLIS et al., Defendants-Appellees.**

**Nos. 17406, 17407.**

United States Court of Appeals Seventh Circuit.

Aug. 5, 1969.

See also D.C., 287 F.Supp. 734.

Harry Kalven, Jr., Richard Orlikoff, Albert E. Jenner, Jr., Thomas P. Sullivan, Chester T. Kamin, David C. Roston, Chicago, Ill., Arthur Kinoy, New York City, for plaintiffs-appellants, Jenner & Block, Chicago, Ill., of counsel.

Thomas A. Foran, U. S. Atty., Jack B. Schmetterer, Asst. U. S. Atty., Chicago, Ill., J. Walter Yeagley, Asst. Atty. Gen., Kevin T. Maroney, Lee B. Anderson, Attys., U. S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before SWYGERT and CUMMINGS, Circuit Judges, and ESCHBACH, District Judge.[1]

CUMMINGS, Circuit Judge.

This appeal results from a decree dismissing actions against certain members of Congress, the Attorney General of the United States and the United States Attorney for the Northern District of Illinois, challenging the constitutionality of Rule XI of the House of Representatives establishing the charter of the House Un-American Activities Committee, and seeking appropriate relief.

The three plaintiffs were subpoenaed to appear before a subcommittee of said Committee in Chicago on May 25, 1965. On May 24, plaintiffs instituted their first action against the chairman and members of the Committee seeking a declaratory judgment that Rule XI was unconstitutional and an injunction restraining the enforcement of the Rule and the holding of the scheduled hearings. On the same day, the district court, relying on Barenblatt v. United States, 360 U.S. 109, 79 S.Ct. 1081, 3 L. Ed.2d 1115, dismissed the complaint.

Following the May 25–27 Chicago hearings of the subcommittee, plaintiffs commenced a second action, alleging misconduct on the part of the Committee and again seeking declaratory and injunctive relief. This suit was also dismissed by the district court. Both dismissal orders were reversed and remanded by this Court with directions that a 3-judge court be convened to consider the complaints. Stamler v. Willis, 371 F.2d 413. After a 3-judge court was designated, the plaintiffs were indicted for contempt of Congress in violation of 2 U.S.C. § 192, growing out of occurrences at the May 25–27 hearings, the cases were consolidated for trial, and the pleadings were supplemented to include a prayer for an injunction against the prosecution of the criminal actions.

Subsequently the 3-judge court granted summary judgment for the Congressional defendants on the ground that the Speech or Debate Clause contained in Article I, Section 6, Clause 1 of the Constitution[2] afforded a complete legal defense to the actions. Stamler v. Willis, 287 F.Supp. 734 (N.D.Ill.1968).[3] The dissenting opinion concluded that the Speech or Debate Clause was no bar to the maintenance of this declaratory or injunctive action (287 F.Supp. at pp. 739–744). The plaintiffs' appeals to the Supreme Court were first dismissed (393 U.S. 217, 89 S.Ct. 395, 21 L.Ed.2d 356) and then remanded to the (single-judge) district court for the entry of a fresh decree (393 U.S. 407, 89 S.Ct. 677, 21 L.Ed.2d 627).[4]

Upon remand, the district judge entered another decree resembling the ear-

1. Judge Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

2. The Speech or Debate Clause provides "the Senators and Representatives * * * for any Speech or Debate in either House * * * shall not be questioned in any other Place."

3. In printing the majority opinion, page 10 was inadvertently omitted from the last paragraph thereof on p. 739.

4. Apparently the reason for the Supreme Court's order was its view that Rule XI of the House Committee was not equivalent to an Act of Congress, so that a 3-judge court was not required under 28 U.S.C. §§ 2282 and 2284. Krebs v. Ashbrook, 275 F.Supp. 111 (D.D.C. 1967), affirmed, 407 F.2d 306 (D.C. Cir. 1969), certiorari denied, 393 U.S. 1026, 89 S.Ct. 619, 21 L.Ed.2d 570. See also Powell v. McCormack, 395 U.S. 486, 494, note 3, 89 S.Ct. 1944, 23 L.Ed. 2d 491.

lier one (reported in 287 F.Supp. 734) but dismissing the complaints under the Speech or Debate Clause instead of granting summary judgment for the defendants. We hold that the complaints should not have been dismissed *in toto* and therefore remand the cause for consideration of the merits.

The district court held that the action against the Attorney General and the United States Attorney, "being ancillary to the claims against the Congressional defendants," must fall with the action against the Congressional defendants.[5] But as early as Stockdale v. Hansard, 9 Ad. & El. 1 (1839), and certainly by the time of Kilbourn v. Thompson, 103 U.S. 168, 26 L.Ed. 377, it was clearly established that liability, including personal tort liability, could be imposed on an official for following orders given to him by the legislature, even though the legislators could not be held personally accountable. This is exactly what happened to the Sergeant-at-Arms of the House in *Kilbourn*. The principle was reaffirmed in Dombrowski v. Eastland, 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577, where the Supreme Court ordered that a tort action go to trial as against Senate Subcommittee Counsel Sourwine, while at the same time dismissing the action as against Senator Eastland.

In Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491, the Supreme Court recently construed the scope of the defense provided by the Speech or Debate Clause. The Court found it unnecessary to decide (1) whether the Clause would be a bar if the Congressmen were not acting in the sphere of legitimate legislative activity, or (2) assuming that they were acting in the sphere of legitimate legislative activity, whether the fact that the petitioners were not seeking damages or a criminal prosecution would lift the bar of the Clause. The Court decided only that agents and employees of the House who were joined as defendants were not entitled to plead the Speech or Debate Clause as a bar to maintenance of an action against them. Although not determining the applicability of the defense to the Congressmen themselves, the Court dismissed the action against members of the House because "petitioners are entitled to maintain their action against House employees and to judicial review of the propriety of the decision to exclude petitioner Powell" (395 U.S. at p. 506, 89 S.Ct. at p. 1956). The Court felt that the availability of complete relief against non-Congressional defendants was sufficient reason to dismiss the suit against the Congressmen.

■ Applying this rationale to the present case, we hold that this consolidated action may be dismissed against the Congressmen since plaintiffs have conceded that "a judgment against the prosecutors will afford appellants [plaintiffs] all the relief they request, including a declaratory judgment that Rule XI is unconstitutional, and an injunction restraining prosecution of the criminal cases." Therefore, as in the *Powell* case, we need not decide whether under the Speech or Debate Clause the plaintiffs would be entitled to maintain this action solely against members of Congress where no other remedy was available (see 395 U.S. at p. 506, note 26, 89 S.Ct. at p. 1956).

■ Notwithstanding plaintiffs' assertion that continuation of this action against the Attorney General and the United States Attorney will suffice, in view of our decision to dismiss the Congressional defendants from this action, it may develop that complete relief cannot be accorded plaintiffs in the event that they are successful on the merits unless appropriate agents of the House Committee are served and joined as defendants below. Fed.R.Civ.P. 19(a) (1). Because of the effect of the *Powell* decision, which was announced after the appeal in the present action was filed, this case will be remanded with leave to amend the complaint to add such addi-

---

5. Dismissal of these executive officers was criticized in Comment, 43 N.Y.U.L.Rev. 1227, 1228, note 11 (1968).

tional parties defendant if the plaintiffs so request. Cf. Bryan v. Austin, 354 U.S. 933, 77 S.Ct. 1396, 1 L.Ed.2d 1527. Since the Congressional defendants have had notice of the pendency of this action from its inception, no prejudice will result from permitting the joinder of agents of the Committee for the sole purpose of making effective relief possible in this declaratory and injunctive action. See County Theatre Co. v. Paramount Film Distr. Corp., 166 F.Supp. 221 (E.D.Pa.1958); Denver v. Forbes, 26 F.R.D. 614 (E.D.Pa.1960). In addition, the defense of Congressional immunity was not raised until late in the proceedings, and while we need not now decide whether this affirmative defense was waived by failure to raise it earlier (see 287 F.Supp. at p. 740, note 1), the interests of justice will be served by permitting amendment, if desired by plaintiffs, in order to compensate for the effects of this tardily asserted defense.

The Government strongly urges, and the decree below assumes, that these plaintiffs' constitutional claims can be raised by way of motions to dismiss or defenses to their criminal prosecutions, concluding that the district court should have declined to assert jurisdiction over this consolidated declaratory and injunctive action. Although it is true that the substantial constitutional issues raised in the civil complaint might be disposed of in a motion to dismiss the contempt indictments, the two proceedings are by no means coterminous. The criminal proceedings may well result in dismissal, acquittal or conviction without reaching the question of the overbreadth of Rule XI and its alleged chilling effect on the exercise of First Amendment rights. Additionally, more suitable discovery procedures and more liberal rules of evidence are available in the civil action to throw light on the serious constitutional questions presented. Nor does it appear at this stage of the litigation that a criminal trial would be a more expeditious means of reaching a final resolution. Plaintiffs should not be compelled

to go through years of criminal litigation as in Gojack v. United States, 384 U.S. 702, 86 S.Ct. 1689, 16 L.Ed.2d 870, where the defendant had to stand trial twice, was convicted twice, appealed unsuccessfully twice, obtained a new trial from the Supreme Court and finally the dismissal of charges against him in the Supreme Court.

■ We are of the opinion that under the circumstances of this case the district court should not abstain from asserting jurisdiction over complaints challenging a rule or statute "justifiably attacked on [its] face as abridging free expression, or as applied for the purpose of discouraging protected activities." Dombrowski v. Pfister, 380 U.S. 479, 489–490, 85 S.Ct. 1116, 1122, 14 L.Ed.2d 22, see also Reed Enterprises v. Corcoran, 122 U.S.App.D.C. 387, 354 F.2d 519, 523 (1965). Even more than in *Dombrowski*, these plaintiffs are entitled to an adjudication of their civil complaint. There the allegedly overbroad statute was new and had not been judicially construed, so that any threat to free expression might have been obviated *ad limine*. Here it is alleged that the interpretation put on Rule XI during the approximately 30 years of the Committee's existence exacerbates the overbreadth of the Rule. In Stamler v. Willis, 371 F.2d 413 (7th Cir. 1966), we held that these complaints present a substantial constitutional question, and that the breadth of Rule XI should be measured against the Committee's conduct over the years. Cf. Watkins v. United States, 354 U.S. 178, 198, 202, 77 S.Ct. 1173, 1 L.Ed.2d 1273; Gojack v. United States, 384 U.S. 702, 711–712, 86 S.Ct. 1689, 16 L.Ed.2d 870. Our *Stamler* opinion contemplated that this re-examination was to occur in this proceeding rather than in subsequent criminal proceedings. Therefore we hold that the civil litigation should proceed to the long-delayed trial on the merits.

■ We conclude that plaintiffs' claims should be considered on the merits even though a coordinate branch of the Government is involved. The judici-

ary has always borne the basic responsibility for protecting individuals against unconstitutional invasions of their rights by all branches of the Government.[6] Thus the Supreme Court has overturned a major policy decision of the President because he exceeded his powers in seizing the steel mills. Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 72 S.Ct. 863, 96 L.Ed. 1153. And the Court has ruled that an Act of Congress designed to prevent members of the Communist Party from holding jobs in defense facilities, and action taken pursuant to that Act by the Secretary of Defense, was unconstitutional because it placed a greater restraint on First Amendment freedoms than was necessary to guard against espionage and sabotage. United States v. Robel, 389 U.S. 258, 88 S.Ct. 419, 19 L. Ed.2d 508. Most recently, the Court determined that federal courts have jurisdiction to review the lawfulness of the exclusion of a duly elected member of Congress despite the constitutional authority of the House to judge the qualifications of its members. Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491. The Congress has no more right, whether through legislation or investigations conducted under an overbroad enabling Act, to abridge the First Amendment freedoms of the people, than do the other branches of government, "For free expression—of transcendent value to all society, and not merely to those exercising their rights —might be the loser." Dombrowski v. Pfister, *supra*, 380 U.S. at p. 486, 85 S.Ct. at p. 1121. As Judge Medina observed in Wolff v. Selective Service Local Board No. 16, 372 F.2d 817, 824–825 (2d Cir. 1967):

> "Where basic constitutional rights are imperiled, the courts have not required a series of injured parties to litigate the permissible scope of the statute or administrative interpreta-

tion but have nullified the unconstitutional action and required the Government to start in the first instance with a statute or interpretation that will not so overhang free expression that the legitimate exercise of constitutionally protected rights is suppressed."

There *Dombrowski* was applied to prevent federal interference with First Amendment rights (372 F.2d at p. 824).

If these plaintiffs should ultimately prevail in this consolidated action, members of Congress will not be imperiled in their Congressional functions but merely have to conduct their future investigations under a narrower, constitutional mandate. A decision for plaintiffs here would signify no less respect for a coordinate branch of the Government than would a like decision in the criminal prosecutions. Thus permitting this action to proceed will have no chilling effect on the legislators' performance of their duties. Cf. Note, 78 Harv.L.Rev. 1473, 1475 (1965).

█ Relying on Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113, the defendants argue that the present controversy was rendered moot by the filing of the indictments against plaintiffs. There Zwickler's conviction under a New York statute had been reversed, and the state proceedings were at an end. Therefore, when the Congressman who was the object of Zwickler's critical handbill became a judge, the Court found that no concrete question remained to justify continuing the federal declaratory judgment action. In contrast, the United States has indictments for contempt pending against these plaintiffs, so that the issues raised in this consolidated action are still very much alive and suitable for declaratory relief. See Dombrowski v. Pfister, 380 U.S. 479, 488 and note 5, 85 S.Ct. 1116, 14 L.Ed.2d 22.[7]

---

6. See Legislative Exclusion: Julian Bond and Adam Clayton Powell, 35 Univ. of Chi.L.Rev. 151, 164–166 (1967).

7. In view of the pendency of the indictments, we must also reject the argument that the subsequent formal changes in

While this case proceeds to trial,[8] the trials of the related criminal cases must be deferred. We will assume that the remaining defendants will abide by this judgment without the necessity of entering injunctive relief against the present prosecution of those indictments.

Judgment affirmed as to dismissal of the Congressional defendants; judgment reversed and remanded as to the dismissal of the remaining defendants.

Rule XI and in the name of the Committee renders the case moot. See Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491.

8. The Government has taken the opportunity of this appeal to reargue questions of standing, jurisdiction, justiciability, venue, separation of powers, want of equity, and substantiality of the federal questions presented by the complaints. Such contentions have been considered and decided adversely to the Government in Stamler v. Willis, 371 F.2d 413 (7th Cir. 1966), and in the unanimous November 8, 1967, denial of the Government's motion to dismiss and need not be reconsidered here. On remand the parties should develop the necessary factual predicate and direct their legal arguments to the substantive questions of the constitutionality of Rule XI raised in the original complaints.