**Florencio Merced ROSA et al., Plaintiffs,**

v.

**Francisco GIL et al., Defendants.**

**Civil No. 463–69.**

United States District Court,
D. Puerto Rico.

Sept. 2, 1969.

William Crain, New York City, Roberto José Maldonado, San Juan, P. R., Olaguibeet A. Lopez Pacheco, Rio Piedras, P. R., for plaintiff.

Blas C. Herrero, U. S. Atty., San Juan, P. R., for defendant.

Before COFFIN, Circuit Judge, and CANCIO and RYAN,* District Judges.

## OPINION OF THE COURT

COFFIN, Circuit Judge.

This is an action to enjoin the prosecution of plaintiff Florencio Merced Rosa, who has been indicted under 50 U.S.C. App. sec. 462(a) for failure to submit to induction into the armed forces.[1] A three judge court has been convened at plaintiff's request to consider his attack on the constitutionality of certain procedural and substantive statutes involved in the criminal proceedings against him. Since we have concluded that there is no basis for the exercise of equitable jurisdiction, we dismiss plaintiff's complaint without reaching the merits of his constitutional claims.[2]

Plaintiff is president of the *Federacion de Universitarios pro Independencia*, a group which favors Puerto Rican independence. He claims to have advocated that Puerto Rican youths refuse service in the armed forces both because the United States is a colonial power and because the war in Vietnam is illegal and immoral. This suit stems from

---

* Hon. Sylvester J. Ryan, United States District Judge, Southern District of New York, sitting by designation.

1. The heading to plaintiff's complaint claims that this suit was brought on behalf of plaintiff and "all others similarly situated." Since plaintiff has not attempted to satisfy the prerequisites of Rule 23, F.R.Civ.P., *see* Moore, 3A Federal Practice ¶23.06, and since the number of plaintiffs makes no difference to our disposition of the case, we have treated the complaint as a request for individual relief.

2. The single judge who convened this panel necessarily made a preliminary finding that the complaint "at least formally alleges a basis for equitable relief." Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962). The issue of equitable jurisdiction is, of course, the kind of threshold question appropriate for more extensive consideration by the full panel.

plaintiff's own refusal to cooperate with the Selective Service System. After registering with his local board, plaintiff failed to report for physical examination, was declared delinquent, and was ordered to report for induction on May 15, 1967. On that date, plaintiff claims that he attempted to submit a statement concerning his objections to military service to his local board, but was advised to give it to officials at the Induction Center. After offering his statement to these officials, plaintiff refused to submit to induction.

Plaintiff was indicted on August 7, 1967. He and others indicted for the same offense have already filed preliminary motions, which were denied in United States v. Valentine, 288 F.Supp. 957 (D.P.R.1968). On July 7, 1969, nearly two years after his indictment and two days before his case was scheduled to come to trial, plaintiff filed this complaint seeking injunctive relief and a three judge court. On the same day, plaintiff requested and received a special form for conscientious objectors (SSS Form 150), which he filled out and returned the following day.

In his complaint, plaintiff advances three reasons for enjoining prosecution:

1) That 50 U.S.C.App. sec. 456(j), which exempts those with religious scruples against war from military service, discriminates against non-religious conscientious objectors in violation of the First Amendment;

2) That 48 U.S.C. sec. 864, which requires that proceedings in the District Court for Puerto Rico be conducted in English, will deprive plaintiff of due process, equal protection, and the right to the effective assistance of counsel;

3) That 18 U.S.C. sec. 3231, which gives the federal courts criminal jurisdiction, violates Article III and the Fifth Amendment whenever relevant defenses such as the legality of the war in Vietnam are excluded by the doctrine of "political questions."

Whatever the merits of these claims, plaintiff has chosen an extraordinary manner in which to raise them. Equity will not normally enjoin criminal prosecutions. As Chief Justice Stone said in Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 881, 87 L.Ed. 1324 (1943):

"No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in the suit for an injunction."

Equity should be particularly reluctant to enjoin prosecutions on the eve of trial when the indictment has already been handed down and preliminary motions have already been heard. These proceedings may well mean a lengthy delay in plaintiff's criminal trial. The trend towards a more expansive exercise of equitable jurisdiction in First Amendment cases should not obscure the dangers which suits in equity pose for the orderly administration of criminal justice.

Plaintiff argues, however, that his case falls within the exception established in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), which permitted a suit to enjoin threatened prosecutions because of the "chilling effect" such prosecutions might have on the exercise of First Amendment rights. But his case exhibits none of the "special circumstances" which justified judicial intervention in *Dombrowski* and the cases which follow it. The statutes which plaintiff questions are not attacked as vague or overbroad, as in *Dombrowski*. In this case, unlike Wolff v. Selective Service Board No. 16, 372 F.2d 817 (2d Cir. 1967), the registrant has not been reclassified for expressing political dissent. In this case, unlike United States v. Wood, 295 F.2d 772 (5th Cir. 1961), cert. denied, 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1962), there are no allegations that the prosecution was brought in bad faith.

Nor does plaintiff argue that he must run the risk of multiple prosecutions in order to vindicate his rights, as in Reed Enterprises v. Corcoran, 122 U.S.App. D.C. 387, 354 F.2d 519 (D.C.Cir. 1965). Plaintiff's only reason for thinking his legal remedy is inadequate is the possibility that at his trial for failure to submit to induction, the court may refuse to pass on the constitutionality of Sec. 456(j), preferring instead to rely on one of plaintiff's "myriad" other defenses. This possibility is a normal risk of litigation and usually provides no basis for equitable relief.

Plaintiff apparently concedes as much, but urges that courts have a special obligation to determine the constitutionality of statutes which might "chill" the exercise of First Amendment freedoms. Two "chilling effects" concern the plaintiff in this case: first, Sec. 456(j) allegedly chills belief by encouraging those with moral or political objections to war to mask their true beliefs in order to qualify for the exemption granted those with religious objections; second, Sec. 456(j) is said to chill advocacy because, as long as only religious objections to war are recognized, those who advise draft refusal on moral or political grounds are advocating a criminal act and are themselves engaged in crime under 50 U.S.C. App. Sec. 462.

■ Sec. 456(j) does not, however, attempt to regulate belief or to penalize its expression. The fact that some may indulge in hypocrisy to secure its benefits does not render the statute unconstitutional. Sec. 456(j) undoubtedly does discourage some forms of advocacy, but so do all criminal statutes. For example, until the law permits violent overthrow of the government, it will be a crime to advocate violent overthrow. *See* Dennis v. United States, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). The enforcement of any criminal law obviously has a chilling effect on those who wish to advocate the crime in question. *Dombrowski* was not concerned with the chilling effect inherent in all prosecutions, but only with the dangers which overly vague and broad statutes regulating speech pose for protected expression. Whatever chilling effect may follow from the good-faith enforcement of a criminal statute governing conduct does not justify equitable relief. *Cf.* Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965).[3]

■ Plaintiff's other contentions could be readily determined in the criminal proceedings against him. Plaintiff has, in fact, already attacked the constitutionality of the English language requirement in a motion to dismiss his indictment and petit jury array, and his arguments have already been rejected. United States v. Valentine, *supra*, 288 F. Supp. at 962–968. Plaintiff will have ample opportunity to question this and other rulings on appeal if and when he is convicted. The statute creating

---

3. Since argument, plaintiff has drawn our attention to Stamler v. Willis, 415 F.2d 1365 (7th Cir. 1969), which permitted a suit seeking declaratory and injunctive relief against the operation of House Rule XI, which authorizes investigations by the House Un-American Affairs Committee into subversive propaganda, even though plaintiffs had been indicted for contempt of Congress in refusing to answer questions before the Committee. In *Stamler*, however, plaintiffs not only filed suit well before their indictments were brought—not, as here, two days before trial—but more importantly their attack on Rule XI was based on allegations that the Rule as applied was over-

broad and had been used to discourage protected activity. To the extent that the opinion in *Stamler* may be read as saying that civil suits are generally a more efficient and expeditious way of settling constitutional questions than criminal trials, we would respectfully disagree. *See, e. g.*, Stamler v. Willis, 371 F.2d 413 (7th Cir. 1966), on remand, 278 F. Supp. 734 (N.D.Ill.1968) (three-judge court), appeal dismissed, 393 U.S. 217, 89 S.Ct. 395, 21 L.Ed.2d 356 (1968), dismissal vacated and case remanded, 393 U.S. 407, 89 S.Ct. 677, 21 L.Ed.2d 627 (1968), on remand, 415 F.2d 1365 (7th Cir. 1969).

three-judge district courts was not intended to provide quick interlocutory appeals on constitutional issues. *Cf.* Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 85 L.Ed. 800 (1941).

We conclude, therefore, that the plaintiff has failed to allege adequate grounds for injunctive relief. Plaintiff also seeks declaratory relief, but the same considerations which prompt us to refuse plaintiff's request for an injunction also support refusal to entertain his declaratory action. *See* Eccles v. Peoples Bank of Lakewood Village, Calif., 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1941). Judge Cancio, in whose court this case was originally filed, adopts the actions of this court as his own, and will enter his order directing the immediate entry of a judgment in the district court dismissing this action and vacating his order of July 24, 1969. Wilson v. City of Port Lavaca, 391 U.S. 352, 88 S.Ct. 1502, 20 L.Ed.2d 636 (1968).

CANCIO and RYAN, District Judges, concur.