**Frederick Joseph WIDMER, Appellant,**

v.

**John STOKES, United States Attorney, et al., Appellees.**

No. 71-2808.

United States Court of Appeals, Fifth Circuit.

July 24, 1972.

Morris Brown, Atlanta, Ga., Capt. Gary R. Myers, U. S. Army, Washington, D. C., Charles Morgan, Jr., Norman Siegel, Emily Carssow, Neil Bradley, Atlanta, Ga., for appellant.

John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for appellees.

Before BELL, SIMPSON, and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from an order dismissing appellant's complaint in which he sought declaratory and injunctive relief in an effort to challenge the adequacy of an offer of immunity under 18 U.S.C.A. § 6001 et seq. Appellant is a former serviceman and the immunity in question was extended to him in order to compel his testimony in the Army court-martial of Captain Ernest Medina arising out of the My Lai incident in. the Republic of South Vietnam.

Following the offer of immunity, appellant was ordered to testify. He refused. The military judge certified the fact of his refusal to testify to the United States Attorney so that he might be prosecuted pursuant to 10 U.S.C.A. § 847 for his refusal. Prosecution com-

menced through the issuance of a federal complaint for his arrest (tantamount to an arrest warrant), his subsequent surrender and release on bail, but no information was filed.

The principal contentions presented by the complaint were (1) the immunity statute was not applicable to court-martial proceedings (2) use as distinguished from transactional immunity was inadequate to meet constitutional standards mandated by the Fifth Amendment and (3) the immunity was inadequate to meet the same constitutional standard in that no protection from foreign prosecution was afforded. The second of these, the use immunity contention, was decided adversely to appellant in Kastigar (and Stewart) v. United States, 1972, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212. The foreign prosecution question may contain some substance although its factual and legal support remains undeveloped. Cf. Zicarelli v. New Jersey State Commission of Investigation, 1972, 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234. Whether the immunity statute applies to witnesses in court-martial proceedings may or may not be of substance. We do not now decide.

Meanwhile Captain Medina has been acquitted in the Army court-martial out of which this matter arose. Appellant, however, continues in custody although at large on bail.

As the matter now stands, appellant can assert the foreign jeopardy argument and the question of the applicability of the immunity statute to witnesses in court martial proceedings in the criminal prosecution against him in the event an information is filed. In such event, the same district court will be involved and no more than the one criminal trial will be necessary for the presentation of the questions.

We find no error in the order of the district court. There was no showing whatever that might warrant intervention in the criminal proceedings by the court through the use of the equity power or the declaratory judgment remedy.

See Douglas v. City of Jeanette, 1943, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324, on the equity issue. See Rosa v. Gil, D.Puerto Rico, 1969, 309 F.Supp. 1332, and Note, 10 A.L.R.3d 727, and cf. Zemel v. Rusk, 1965, 381 U.S. 1, 19, 85 S.Ct. 1271, 14 L.Ed.2d 179, on the declaratory judgment issue.

Affirmed.