Frederick T. Skelton III ("the respondent") appeals from a judgment of the Jefferson County Probate Court entered on April 24, 2000, committing him to the custody of the State Department of Mental Health and Mental Retardation for inpatient treatment of a mental illness at a state hospital. The sole issue raised by the respondent, through his guardian ad litem, concerns whether the probate court's commitment order was supported by clear and convincing evidence. However, according to the brief filed by the advocate for the State, the respondent was released from state custody on May 26, 2000. The respondent has not filed a reply brief disputing the State's statements.
The general rule is that if, pending an appeal, an event occurs that makes determination of the case unnecessary, the appeal will be dismissed; however, an exception applies in situations in which, if no decision of the question is made on appeal, the collateral rights of the parties dependent upon its decision will be left undetermined. Adams v. Warden,422 So.2d 787, 790 (Ala.Civ.App. 1982). The respondent's release makes it unnecessary for this court to determine whether the probate court's judgment of commitment was supported by clear and convincing evidence, and we are not aware of any collateral rights that remain to be determined by this court — the costs of the commitment proceeding, including fees for the respondent's guardian ad litem and for the State's advocate, were taxed by the probate court to the State, rather than to the respondent. See §22-52-14, Ala. Code 1975. Under these circumstances, the respondent's appeal is due to be dismissed as moot. Accord, In re Woodruff, 567 N.W.2d 226 (S.D. 1997).
APPEAL DISMISSED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.