Richard Allen, commissioner of the Alabama Department of Corrections ("DOC") (hereinafter referred to as "the commissioner"), and a defendant in a long-running action maintained by numerous Alabama counties and sheriff's (hereinafter collectively referred to as "the counties"), appeals from a May 11, 2006, order of the Montgomery Circuit Court modifying that court's previous injunction entered December 12, 2002, and holding Allen in contempt for not complying with the injunction. We affirm.
 I.
This matter has been pending in the Montgomery Circuit Court since 1991; it was previously before this Court in 2004 as four consolidated appeals brought by then Commissioner Michael W. Haley. See Haley v. Barbour County, 885 So.2d 783
(Ala. 2004). The dispute centers on the counties' claim that DOC has continually failed to accept certain prisoners (hereinafter referred to as "state inmates") into state correctional facilities after the state inmates had been sentenced to serve time in such facilities by the appropriate trial courts, thus resulting in overcrowding in jails operated by the counties. This failure to accept state inmates, the counties claim, violates § 14-3-30(a), Ala. Code 1975, which provides:
 "When any convict is sentenced to the penitentiary, the judge of the court in which the sentence is rendered shall order the inmate to be confined in the nearest secure jail. The clerk of the court shall at once notify the Department of Corrections as to the jail where the inmate is confined, forward to the department a copy of the judgment entry and sentence in the case, and inform the department if any special care is necessary to guard the inmate. Thereupon, the department shall direct where the inmate shall be taken for confinement or hard labor."
In Haley, this Court affirmed the December 12, 2002, order of the trial court requiring DOC to accept custody of a certain number of state inmates from the counties each week until all state inmates in the custody of the counties were, in fact, incarcerated in state correctional facilities as opposed to county jails. Once all state inmates were in state correctional facilities, DOC was, pursuant to a settlement agreement, required to accept all state inmates into state correctional facilities within 30 days of receiving their transcripts from the counties. We also held that the trial court's December 12, 2002, order did not violate the separation-of-powers doctrine found in § 43, Ala. Const. 1901, but that the trial court could not impose monetary sanctions because such sanctions violated § 14, Ala. Const. 1901.[1] Haley, 885 So.2d at 789-90.
While Haley was pending, DOC accepted custody of all state inmates who were *Page 1074 
incarcerated in county jails and, for a period afterHaley was decided, DOC continued to receive all new state inmates within the mandated 30-day period. However, by December 2005, the number of state inmates incarcerated in county jails for more than 30 days had grown to over 800, and the counties accordingly returned to the trial court in an effort to force DOC to comply with the December 12, 2002, order. On May 11, 2006, after several hearings on the issue, the trial court issued an order holding the commissioner in contempt for violating the December 12, 2002, order. The trial court also modified the December 12, 2002, order and set a schedule by which DOC was to take custody of all state inmates remaining in county jails and threatened the commissioner with incarceration if he failed to meet that schedule.[2] The commissioner now appeals.
 II.
The commissioner acknowledges that the May 11, 2006, order from which he is appealing is a nonfinal judgment; however, as a basis for the appeal he cites Rule 4(a)(1), Ala. R.App. P., which provides that an interlocutory order modifying an injunction may be appealed within 14 days of the entry of that order. The trial court's May 11, 2006, order modified the injunction previously entered on December 12, 2002, by allowing the counties to designate 200 of the 275 state inmates DOC was required to accept from the county jails each week, as opposed to designating only 100 of the 275 inmates. Although the commissioner is not challenging that modification — he now argues only that this case presents a nonjusticiable question beyond the trial court's subject-matter jurisdiction — Rule 4(a)(1) nevertheless serves as a proper basis for the appeal.
The counties argue at the outset that this Court should not consider the commissioner's argument that this case presents a nonjusticiable question beyond the trial court's jurisdiction because, the counties claim, this Court already considered and rejected a challenge to the trial court's subject-matter jurisdiction in Haley. At that time, we stated:
 "[T]he commissioner does allege, generally, that the trial court's orders in these cases violate the separation-of-powers doctrine found in Ala. Const. 1901, § 43. Specifically, the commissioner maintains that the trial court's orders in these cases amount to the judicial branch `directing the administration of the state prison system.' The commissioner claims that because the Legislature has delegated this task to the executive branch, and not to the judiciary, the trial court is barred from issuing such orders.
 "We hold that the trial court's December 12 order does not amount to an exercise of executive powers by the judicial branch. By enacting Ala. Code 1975, § 14-3-30, the Legislature has mandated that, when a state inmate is sentenced to the penitentiary, DOC direct how that inmate shall be received into the state penal system. The trial court's order in this case does not attempt to `administer' DOC or to exercise the executive *Page 1075 
powers. Instead, it simply orders the commissioner to do what § 14-3-30 requires of DOC: to receive state inmates. The order does not violate § 43."
Haley, 885 So.2d at 789-90 (footnote omitted). In spite of this ruling, the commissioner argues that this Court should consider his present challenge because, he says, the jurisdictional argument he now makes is different from the challenge made in Haley; he is now arguing that the trial court lacks subject-matter jurisdiction because these cases present a nonjusticiable political question and, inHaley, the challenge to the trial court's subject-matter jurisdiction was based on the separation-of-powers doctrine. We are not persuaded by the distinction.
The commissioner bases much of his current argument on the following justiciability analysis done by this Court inBirmingham-Jefferson Civic Center Authority v. City ofBirmingham, 912 So.2d 204, 214-15 (Ala. 2005):
 "Because the judicial branch `shall never exercise the legislative and executive powers, or either of them,' this Court will not decide `political questions,' even if submitted to it. The Supreme Court of the United States has with some frequency addressed whether certain issues are nonjusticiable political questions. We have previously referred to the United States Supreme Court's formulation of what constitutes a nonjusticiable political question, and we look to it again in this case. See, e.g., Ex parte James, 836 So.2d 813, 842 n. 25 [(Ala. 2002)]; Ex parte James, 713 So.2d 869, 903
[(Ala. 1997)]; State ex rel. James v. Reed, 364 So.2d 303, 305 (Ala. 1978). In Baker v. Carr, 369 U.S. 186, 82 S.Ct.
691, 7 L.Ed.2d 663 (1962), the Supreme Court of the United States offered the following description:
 "`It is apparent that several formulations which vary slightly according to the settings in which the questions arise may describe a political question, although each has one or more elements which identify it as essentially a function of the separation of powers. Prominent on the surface of any case held to involve a political question is found [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.'
"369 U.S. at 217, 82 S.Ct. 691."
(Footnotes omitted.) Citing the above passage, the commissioner then argues that at least four of the six factors described inBaker v. Carr, 369 U.S. 186, 82 S.Ct. 691,7 L.Ed.2d 663 (1962), are present in this case. However, a review of those individual arguments reveals that, although perhaps expanded, they are substantially identical to the argument previously made in Haley.[3] No matter how it is *Page 1076 
framed, the argument that this litigation presents a nonjusticiable political question beyond the trial court's subject-matter jurisdiction is basically an argument that the trial court's actions violate the separation-of-powers doctrine; this Court essentially said as much inBirmingham-Jefferson Civic Center Authority:
 "The presence of one or more of the factors listed in Baker v. Carr indicates that a question is `political,' that is, one reserved for, or more suitably determined by, one of the political branches of government. If a question is one properly to be decided by the executive or legislative branch of government, rather than by the judicial branch, we will not decide it."
912 So.2d at 215. Because this Court in Haley has already considered and denied the argument that the trial court's actions violate the separation-of-powers doctrine found in § 43, Ala. Const. 1901, we see no reason to readdress, in an opinion of this Court, that argument again at this time.[4]
 III.
"[Q]uestions regarding jurisdiction, that is, questions of the constitutional authority of the courts to exercise power over a matter . . . are of such importance that it is the duty of this Court to consider the absence of jurisdiction on our own initiative." Birmingham-Jefferson Civic Ctr. Auth.,912 So.2d at 213. However, once this Court has resolved such questions in any given case, that principle does not obligate us to address a party's argument that jurisdiction is improper every time that party chooses to repeat the argument, especially in proceedings such as this when no other issue is presented for our review.[5] Doing so would certainly not advance the litigation to a "just, speedy, and inexpensive" resolution. Rule 1, Ala. R.App. P. Accordingly, we decline to consider the commissioner's jurisdictional challenge and, in that regard, the judgment of the trial court is affirmed.
The commissioner's notice of appeal also raised two arguments concerning the propriety of the trial court's order holding him in contempt; however, the commissioner acknowledges that the contempt issue has since been rendered moot because DOC has taken custody of all the state inmates who had been held too long in county jails. Because the commissioner has purged himself of contempt and is no longer under the threat of incarceration, *Page 1077 
we need not consider the commissioner's arguments related to the contempt issue. "`The general rule is that if, pending an appeal, an event occurs that makes the determination of the case unnecessary, the appeal will be dismissed. . . .'"Haley, 885 So.2d at 787 (quoting In re InvoluntaryCommitment of Skelton, 777 So.2d 148, 149
(Ala.Civ.App. 2000)).
1051145 — AFFIRMED.
1051146 — AFFIRMED.
COBB, C.J., and SEE, LYONS, WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., concurs in the result.
[1] Section 43, Ala. Const. 1901, states:
 "In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."
Section 14, Ala. Const. 1901, provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."
[2] Although this Court in Haley held that § 14, Ala. Const. 1901, forbids the use of monetary sanctions for contempt against a state official sued in his official capacity, we explicitly stated that our opinion did not address "whether the trial court retains its other contempt powers, including incarceration." 885 So.2d at 789 n. 8.
[3] In their brief to this Court, the counties have also quoted excerpts from the former commissioner's brief inHaley indicating that this Court has already considered the commissioner's present argument. For example, in his Haley brief, the former commissioner stated that "[t]his litigation should be dismissed under the authority ofEx parte James (the `Equity Funding' case), which appropriately recognized that not all legal problems are amenable to judicial solution" and that "[t]he conveyance of these issues demonstrates an intractable political question. . . ."
[4] In Stamler v. Willis, 415 F.2d 1365 (7th Cir. 1969), the United States Court of Appeals for the Seventh Circuit considered a party's attempt to raise a justiciability argument for the second time and similarly declined to consider the argument, stating:
 "The Government has taken the opportunity of this appeal to reargue questions of standing, jurisdiction, justiciability, venue, separation of powers, want of equity, and substantiality of the federal questions presented by the complaints. Such contentions have been considered and decided adversely to the Government in Stamler v. Willis, 371 F.2d 413
(7th Cir. 1966), and in the unanimous November 8, 1967, denial of the Government's motion to dismiss and need not be reconsidered here. On remand the parties should develop the necessary factual predicate and direct their legal arguments to the substantive questions . . . raised in the original complaints."
415 F.2d at 1371 n. 8.
[5] Of course, this Court will dismiss any action in which circumstances change and subject-matter jurisdiction is no longer proper, regardless of any previous rulings on the matter.